UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-61098

MARC PIZARRO, and all others
similarly situated under 29 USC 216(B),

    Plaintiffs,

vs.

VIDA CAFÉ, LLC, d/b/a
Mamajuana Café, EDUARDO CRUZ,
and VICTOR OSORIO,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, MARC PIZARRO, on behalf of himself and other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint for Damages against Defendants, VIDA CAFÉ, LLC, d/b/a Mamajuana Café ("CAFE"), EDUARDO CRUZ ("CRUZ"), and VICTOR OSORIO ("OSORIO")(collectively "Defendants") and states as follows:

1. Jurisdiction of this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. sec. 201, et seq., hereinafter called "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of this Court over this controversy is based upon 29 U.S.C. sec. 216(b).

3. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

4. At all times material hereto, CAFÉ has been a Florida for profit corporation, engaged in business in Florida, with its principle place of business in Florida.

5. At all times material hereto, Defendants CRUZ and OSORIO have been individuals residing in Florida, who owned and operated CAFÉ, and who regularly exercised authority to: (a) hire and fire employees of CAFÉ; (b) determine the work schedules for the employees of CAFÉ; and (c) control the finances and operations of CAFÉ. By virtue of having regularly exercised that authority on behalf of CAFÉ, CRUZ and OSORIO are employers as defined in 29 U.S.C. sec. 201, et seq.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of sections 6 and 7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of each Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $300,000.00 per annum during the relevant time periods.

12. At all times material hereto, Plaintiffs were "engaged in commerce" and subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

14. The additional persons who may become plaintiffs in this action were hourly paid employees of Defendants, who held similar positions to Plaintiff and who were not paid a minimum wage as required by law and who also worked in excess of forty hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty hours.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by the Defendants.

16. This action is intended to include each and every employee who was subject to the Defendants' tip credit pay scheme within the past three years.

## STATEMENT OF FACTS

17. At various material times hereto, Plaintiff worked for Defendants in excess of forty hours within a work week.

18. From October 2009, through April, 2010, Plaintiff was employed with Defendants as a bar back.

19. Defendants attempted to pay Plaintiff and all other restaurant employees an hourly rate of pay, plus tips.

20. Defendants attempted to pay this group of employees a reduced gross hourly wage pursuant to section 3(m) of the Act.

21. Tips are shared among employees with whom tips should not be shared.

22. As a result of Plaintiff being required to share his tips with non-tipped employees, Defendants are not entitled to a tip credit under the FLSA and owe Plaintiff his full minimum and overtime wages.

23. Throughout Plaintiff's employment, Defendants did not provide Plaintiff with a direct wage in hand or did so on an irregular basis and not in an amount sufficient to equal the required minimum wage.

24. From approximately October, 2009, through April, 2010, Defendants failed to compensate Plaintiff at the applicable minimum wage for his regular hours worked and at the rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a single week. Plaintiff should be compensated at the applicable minimum wage for his regular hours worked and at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

25. Plaintiff has retained the services of the undersigned and has promised to pay a reasonable fee for its services.

## COUNT I – RECOVERY OF MINIMUM WAGES (FEDERAL)

26. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff was required to share his tips with other non-tipped employees. Therefore, Defendants are not entitled to a tip credit under the FLSA.

28. Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wage for each hour worked during their employment with Defendants.

29. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants but Defendants have refused and/or failed to compensate Plaintiff for same.

30. As a result of Defendants' actions, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants, because his hourly wage was reduced below the applicable Federal minimum wage requirement.

31. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. sec. 206 even though it was well aware of the minimum wage law requirements but nevertheless continued its violations.

32. As a direct and proximate result of the Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for:

    a. Designation of this action as a collective action under the terms of 29 U.S.C. sec. 216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b. The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them;

    c. The payment of all hours at applicable minimum wage rates;

    d. Liquidated damages;

    e. Reasonable attorney's fees and costs of this action;

  f. A declaration that Plaintiff and the Opt-in Plaintiffs were wrongfully denied applicable minimum wage and overtime wages as required by law; and

  g. Any other relief that this Court deems appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (STATE LAW)

33. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

34. Plaintiff, and those similarly situated employees, are and were entitled to be paid minimum wage for each hour worked during their employment with the Defendants.

35. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants but Defendants have refused and/or failed to compensate Plaintiff for same.

36. As a result of Defendants' actions, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants, because his hourly wage was reduced below the applicable Florida minimum wage requirement.

37. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to Article X, Section 24, of the Florida Constitution.

38. As a direct and proximate result of the Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for:

  a. The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them;

    b.    The payment of all hours at applicable minimum wage rates;

    c.    Reasonable attorney's fees and costs of this action;; and

    d.    Any other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: June 28, 2010                           Respectfully submitted,

                                                               /s/ Eric A. Jacobs
                                                               Eric A. Jacobs
                                                               Florida Bar No.: 0189065
                                                               eric@jacobsoffir.com
                                                               Jacobs / Offir, P.L.
                                                               1911 Harrison Street
                                                               Hollywood, Florida 33020
                                                               954.929.0679
                                                               888.632.4944 (Fax)
                                                               Attorneys for Plaintiff